United States District Court

For the Northern District of California

1

2

3              UNITED STATES DISTRICT COURT

4             NORTHERN DISTRICT OF CALIFORNIA

5                   OAKLAND DIVISION

6

7   JAMES EARL BOLDEN,

8              Plaintiff,                    No. C 14-3481 PJH (PR)

9      vs.                                   **ORDER OF SERVICE**

10  JOSEPH CHUDY, et. al.,

11             Defendants.
                                        /
12

        Plaintiff, a state prisoner at California Training Facility has filed a pro se civil rights

13  complaint under 42 U.S.C. § 1983.  Defendants have removed this case from state court

14  and have filed a motion for the court to screen the complaint.

15                          **DISCUSSION**

16  **A.    Standard of Review**

17      Federal courts must engage in a preliminary screening of cases in which prisoners

18  seek redress from a governmental entity or officer or employee of a governmental entity.

19  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21  be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at

22  1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police*

23  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27  grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28  omitted).  Although in order to state a claim a complaint "does not need detailed factual

**United States District Court**
For the Northern District of California

1 allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2 requires more than labels and conclusions, and a formulaic recitation of the elements of a

3 cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5 (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6 plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7 the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8 framework of a complaint, they must be supported by factual allegations.  When there are

9 well-pleaded factual allegations, a court should assume their veracity and then determine

10 whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11 679 (2009).

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13 elements:  (1) that a right secured by the Constitution or laws of the United States was

14 violated, and (2) that the alleged deprivation was committed by a person acting under the

15 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.      Legal Claims**

17       Plaintiff alleges that he received improper medical care in violation of federal and

18 state law.

19       Deliberate indifference to serious medical needs violates the Eighth Amendment's

20 proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104

21 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

22 *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

23 A determination of "deliberate indifference" involves an examination of two elements: the

24 seriousness of the prisoner's medical need and the nature of the defendant's response to

25 that need.  *Id.* at 1059.

26       A "serious" medical need exists if the failure to treat a prisoner's condition could

27 result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The

28 existence of an injury that a reasonable doctor or patient would find important and worthy of

**United States District Court**

For the Northern District of California

1  comment or treatment; the presence of a medical condition that significantly affects an

2  individual's daily activities; or the existence of chronic and substantial pain are examples of

3  indications that a prisoner has a "serious" need for medical treatment.  *Id.* at 1059-60.

4       A prison official is deliberately indifferent if he or she knows that a prisoner faces a

5  substantial risk of serious harm and disregards that risk by failing to take reasonable steps

6  to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only

7  "be aware of facts from which the inference could be drawn that a substantial risk of serious

8  harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have

9  been aware of the risk, but was not, then the official has not violated the Eighth

10  Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175,

11  1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison

12  medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v.*

13  *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

14       Plaintiff states that prior to arriving at California Training Facility, he was at a

15  different institution where he was provided a cane and physical therapy to strengthen his

16  lower extremities.  Plaintiff contends that defendants confiscated his cane which prevented

17  him from performing the strengthening exercises and he did not receive physical therapy.

18  Plaintiff also alleges that his lower tier chrono was rescinded and he injured himself

19  climbing stairs which led to back surgery.  As a result he states he is wheelchair bound and

20  cannot walk.  Plaintiff's federal and state claims are sufficient to proceed against

21  defendants Trent, Chudy, and Ranucci.

22                                    **CONCLUSION**

23       1.  Defendants' motion to screen and waiver of reply (Docket Nos. 2, 11) are

24  **GRANTED**.

25       2.  In order to expedite the resolution of this case, the court orders as follows:

26            a.  No later than sixty days from the date of service, defendants shall file a

27  motion for summary judgment or other dispositive motion.  The motion shall be supported

28  by adequate factual documentation and shall conform in all respects to Federal Rule of

1  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

2  from the events at issue.  If defendant is of the opinion that this case cannot be resolved by

3  summary judgment, she shall so inform the court prior to the date her summary judgment

4  motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

5              b.  At the time the dispositive motion is served, defendants shall also serve,

6  on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154

7  F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.

8  4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and

9  *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss

10 for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

11             c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

12 court and served upon defendants no later than thirty days from the date the motion was

13 served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

14 which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

15 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

16 If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his

17 available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

18 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is

19 provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

20             d.  If defendant wishes to file a reply brief, she shall do so no later than fifteen

21 days after the opposition is served upon her.

22             e.  The motion shall be deemed submitted as of the date the reply brief is

23 due.  No hearing will be held on the motion unless the court so orders at a later date.

24      3.  All communications by plaintiff with the court must be served on defendant, or

25 defendant's counsel once counsel has been designated, by mailing a true copy of the

26 document to defendants or defendants' counsel.

27      4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

28 No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

United States District Court

For the Northern District of California

1  parties may conduct discovery.

2       5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

3  informed of any change of address by filing a separate paper with the clerk headed "Notice

4  of Change of Address."  He also must comply with the court's orders in a timely fashion.

5  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

6  Federal Rule of Civil Procedure 41(b).

7       **IT IS SO ORDERED.**

8  Dated: October 20, 2014.

        PHYLLIS J. HAMILTON
9                                                 United States District Judge

10  G:\PRO-SE\PJH\CR.14\Bolden3481.serve.wpd

United States District Court
For the Northern District of California

5

**United States District Court**
For the Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.