UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAMES EARL BOLDEN,

    Plaintiff,

vs.

JOSEPH CHUDY, et. al.,

    Defendants.
                             /

No. C 14-3481 PJH (PR)

**ORDER DENYING MOTION FOR DISCOVERY AND GRANTING EXTENSION**

    Plaintiff, a state prisoner at California Training Facility, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Defendants have requested an extension to file a dispositive motion and plaintiff has filed a motion to pursue discovery.

    On October 20, 2014, the court found that plaintiff presented a cognizable claim and ordered defendants, who had already been served, to file a dispositive motion. The court also ordered that discovery may be taken in accordance with the Federal Rules of Civil Procedure and no further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed.R.Civ.P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific

disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ .P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. Thus, plaintiff may proceed with discovery as discussed above and in the prior court order.

## CONCLUSION

1. Plaintiff's motion for discovery (Docket No. 22) is **DENIED**.

2. Defendants' motion for an extension (Docket No. 19) is **GRANTED**. Defendants may have until **April 20, 2015**, to file a motion for summary judgment or dispositive motion.

**IT IS SO ORDERED.**

Dated: February 20, 2015.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.14\Bolden3481.disc.wpd